IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIERO WATT, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | CIVIL ACTION NO. 3:19-CV-450 |
| SIERRA NEVADA CORPORATION, | § § § | |
| *Defendant.* | § § § | |

## DEFENDANT SIERRA NEVADA CORPORATION'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Sierra Nevada Corporation ("Sierra Nevada") hereby removes this action from the Dallas County Court at Law No. 4 (the "State Court") to the United States District Court for the Northern District of Texas, Dallas Division. The removal of this action is based on the existence of federal question jurisdiction and diversity jurisdiction as set forth below:

### I.   INTRODUCTION

1. On or about January 2, 2019 Plaintiff Fiero Watt ("Plaintiff") filed a petition (the "Petition") in County Court at Law No. 4, Dallas County, Texas, styled *Fiero Watt v. Sierra Nevada Corp.*, Cause No. CC-19-00021-D ("the State Court Action"). *See* Ex. 1 at App. 1-10 (Petition).

2. In Plaintiff's Petition, he alleges six causes of action: (1) Race/color discrimination under the Texas Commission on Human Rights Act ("TCHRA"), (2) wrongful termination – race/color discrimination under the TCHRA, (3) unlawful retaliation under the TCHRA, (4) race/color discrimination under Title VII, 42 U.S.C. § 2000e-2(a), (5) wrongful termination – race/color discrimination under Title VII, 42 U.S.C. § 2000e-2(a), and (6) unlawful

retaliation under Title VII, 42 U.S.C. § 2000e-3(a).  *See* Ex. 1 at App. 1-10 (Petition).  Plaintiff alleges that he seeks "monetary relief over $1,000,000.00."  *See* Ex. 1 at App. 2 (Petition ¶ 6).

3. Sierra Nevada was served with the Petition on January 24, 2019. *See* Ex. 4 at App. 14-16 (Notice of Service of Process).

4. Defendant filed its Original Answer on February 14, 2019.  *See* Ex. 5 at App. 17-22 (Answer).

5. Defendant filed its Amended Answer on February 20, 2019.  *See* Ex. 6 at App. 23-28 (Amended Answer).

6. Under 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely because it is filed within thirty days after Sierra Nevada was first served with a copy of Plaintiff's Petition.

7. Under 28 U.S.C. § 124(a), removal is proper to this Federal District Court and division because it embraces Dallas County, Texas, the county in which Plaintiff filed the State Court Action.

8. In accordance with 28 U.S.C. § 1446(a) and LR 81.1, the concurrently filed Appendix is incorporated herein and contains true and correct copies of all process, pleadings, and orders served upon Sierra Nevada in the State Court Action; an index of all documents that identifies each document and the date each document was filed in state court; a copy of the State Court Action's docket sheet; a copy of each document filed in the State Court Action; a Civil Cover Sheet; and a Supplemental Cover Sheet.  Sierra Nevada will also file a Certificate of Interested Persons that complies with FED. R. CIV. P. 7.1 and LR 3.1(c) or 3.2(e).

9. Sierra Nevada will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of it with the State Court.

## II.   FEDERAL QUESTION JURISDICTION

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Petition includes three claims under federal law, specifically, Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3.

11. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same case or controversy as Plaintiff's federal discrimination and retaliation claims.

## III.   DIVERSITY JURISDICTION

12. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Sierra Nevada, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.   The Parties Are Completely Diverse

13. Plaintiff alleges that he is a citizen of Dallas, Texas.  *See* Ex. 1 at App.1 (Petition ¶ 2).

14. Sierra Nevada is incorporated under the laws of Nevada.  *See* Ex. 7 at App. 29 (Schoendienst Decl. ¶ 4).  Sierra Nevada's headquarters and principal place of business is located in Nevada – where its officers direct, control, and coordinate the corporation's activities.  *See* Ex. 7 at App. 29 (Schoendienst Decl. ¶ 5); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  As such, Sierra Nevada is a citizen of Nevada, not Texas.  28 U.S.C. § 1332(c)(1).

15. Because Plaintiff is a citizen of Texas and Sierra Nevada is a citizen of Nevada, there is complete diversity of citizenship between Plaintiff and Sierra Nevada.  28 U.S.C. § 1332(a).

### B.   Plaintiff Alleges An Amount In Controversy In Excess Of The Threshold Requirements

16.     Plaintiff's petition meets the amount in controversy requirement of $75,000 needed for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Specifically, Plaintiff's Petition seeks "monetary relief over $1,000,000.00."  *See* Ex. 1 at App. 2 (Petition ¶ 6). Because Plaintiff's Petition affirmatively seeks damages in excess of $75,000, the amount in controversy requirement for diversity jurisdiction is satisfied.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls, if the claim is apparently made in good faith."); *see e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith.").

17.     Even without Plaintiff's admission that he seeks damages in excess of $75,000, it is evident that the available damages exceed the threshold.  Federal courts in Texas have frequently determined that suits under similar circumstances wherein a plaintiff seeks damages such as front pay, back pay, compensatory damages, and attorneys' fees are removable because it is "facially apparent" that claims for these damages may exceed $75,000, even if the amount in controversy is not specified by the plaintiff's petition.  *See Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 U.S. Dist. LEXIS 37085, *8 (N.D. Tex. Mar. 20, 2014) (holding that it was facially apparent that the amount in controversy exceeded the jurisdictional limit when plaintiff sued for front pay in lieu of reinstatement, back pay, compensatory damages, punitive damages, and reasonable attorneys' fees under Chapter 21 of the Texas Labor Code); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005) (holding that it was facially apparent that claim exceeded jurisdictional limits, because sued for actual damages, compensatory damages, emotional distress, punitive damages and attorney fees under Chapter 21 of the Texas Labor Code, even though the petition did not state the amount plaintiff sought).

18.     Plaintiff has requested "back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest," "punitive damages," and "attorneys' fees and costs." *See* Ex. 1 at App. 5-6 (Petition ¶¶ 49-58). Accordingly, because of the nature of claims asserted and the damages sought, Defendant has established that this matter exceeds the minimum amount in controversy requirement for this Court to have jurisdiction.

### III.     PRAYER

19.     This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1331 and 1332 because it has both federal question jurisdiction and diversity jurisdiction with respect to this matter. Thus, removal of this action is proper. Accordingly, Defendant respectfully requests that this Court assume jurisdiction over this action and proceed with handling this action as if it was filed initially in the United States District Court for the Northern District of Texas, Dallas Division.

Dated: February 21, 2019          Respectfully submitted,

*/s/ Arrissa K. Meyer*

Shawn Oller
Texas State Bar No. 00794399
Arizona State Bar No. 019233
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602.474.3600
602.957.1801 (Fax)
soller@littler.com

Arrissa K. Meyer
Texas State Bar No. 24060954
LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201
214.880.8100
214.880.0181 (Fax)
akmeyer@littler.com

**ATTORNEYS FOR DEFENDANT SIERRA NEVADA CORPORATION**

## CERTIFICATE OF SERVICE

On February 21, 2019, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I certify that I have served Plaintiff by certified mail, return receipt requested, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Matthew R. Scott
Javier Perez
Carson D. Bridges
SCOTT PEREZ LLP
900 Jackson Street, Suite 550
Dallas, Texas 75202
Matt.scott@scottperezlaw.com
Javier.perez@scottperezlaw.com
Carson.bridges@scottperezlaw.com

*Attorneys for Plaintiff*

/s/ Arrissa K. Meyer
Arrissa K. Meyer

FIRMWIDE:162546581.1 100575.1004