**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FIERO WATT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:19-CV-450** |
| | § | |
| **SIERRA NEVADA CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## APPENDIX IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446 and LR 81.1, in support of its Notice of Removal,

Defendant Sierra Nevada Corporation provides the Court with the attached documents:

| EXHIBIT | DESCRIPTION | APP. PAGE(S) |
|---|---|---|
| 1 | 01/02/2019 Plaintiff's Original Petition and civil cover sheet | 1 - 10 |
| 2 | 01/04/2019 Citation Issued to Sierra Nevada Corp. | 11 - 12 |
| 3 | 01/04/2019 Dismissal Hearing Notice (04/29/2019 at 9:00 A.M.) | 13 |
| 4 | 01/29/2019 Return of Service of Plaintiff's Original Petition and Citation (served 01/24/2019) | 14 - 16 |
| 5 | 02/14/2019 Defendant's Original Answer and Affirmative and Other Defenses | 17 - 22 |
| 6 | 02/20/2019 Defendant's Amended Answer and Affirmative and Other Defenses | 23 - 28 |
| 7 | 02/20/2019 Declaration of Jessica Schoendienst | 29 - 30 |
| 8 | 02/21/2019 County Court at Law No. 4 Docket Sheet | 31 - 33 |

Dated: February 21, 2019    Respectfully submitted,


*/s/ Arrissa K. Meyer*       

Shawn Oller
Texas State Bar No. 00794399
Arizona State Bar No. 019233
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602.474.3600
602.957.1801 (Fax)
soller@littler.com

Arrissa K. Meyer
Texas State Bar No. 24060954
LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201
214.880.8100
214.880.0181 (Fax)
akmeyer@littler.com

**ATTORNEYS FOR DEFENDANT
SIERRA NEVADA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

On February 21, 2019, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.   I certify that I have served Plaintiff by certified mail, return receipt requested, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Matthew R. Scott
Javier Perez
Carson D. Bridges
SCOTT PEREZ LLP
900 Jackson Street, Suite 550
Dallas, Texas 75202
Matt.scott@scottperezlaw.com
Javier.perez@scottperezlaw.com
Carson.bridges@scottperezlaw.com

*Attorneys for Plaintiff*

/s/ *Arrissa K. Meyer*
Arrissa K. Meyer

FIRMWIDE:162557513.1 100575.1004

**<u>APPENDIX IN SUPPORT OF DEFENDANT'S</u>**
**<u>NOTICE OF REMOVAL</u>**

# EXHIBIT 1

FILED
1/2/2019 12:04 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. <u>CC-19-00021-D</u>

| | | |
|---|---|---|
| **FIERO WATT,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **AT LAW NO. _____** |
| | § | |
| **SIERRA NEVADA CORP.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### I.

### INTRODUCTION

Plaintiff Fiero Watt files this Original Petition against Defendant Sierra Nevada Corp.

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.3.

### III.

### PARTIES

2.      Plaintiff is an individual and a citizen of Dallas, Texas.

3.      Defendant is a foreign corporation.  Defendant may be served with process, including citation and a copy of this petition, by serving its registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

APP. 001

## IV.

## <u>JURISDICTION</u>

4.      The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

5.      Defendant employs the requisite number of employees for coverage under the relevant state laws and statutes upon which Plaintiff's claims are based.

6.      As required by Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1,000,000.00.

## V.

## <u>VENUE</u>

7.      Venue is proper in Dallas County pursuant to 42 U.S.C. § 2000e-5(f)(3).

## VI.

## <u>BACKGROUND FACTS</u>

8.      Plaintiff is a black male.

9.      Plaintiff began working for Defendant in 2013.

10.     Plaintiff worked as a Logistics Support Specialist.

11.     Plaintiff's yearly evaluations for 2013 and 2014 were scored by Randy Germain; the overall average was a four.

12.     In 2015, Tim Moore became Plaintiff's supervisor.

13.     Plaintiff's yearly evaluations for 2015 and 2016 were scored by Moore; the overall average dropped to a three.

14.     In December 2016, Plaintiff discussed with Moore Plaintiff's recent performance evaluations.

15.     Moore admitted to Plaintiff that he had no problems or issues with Plaintiff's work performance.

16.     When Plaintiff inquired about ways to improve, Moore said that the only way for Plaintiff to get a raise, promotion, or higher score was by taking on extra duties and additional projects.

17.     Yet, when Plaintiff tried to go above and beyond his assigned duties, Moore denied Plaintiff those opportunities because of race.

18.     Throughout the time Moore was Plaintiff's supervisor, Moore assigned Plaintiff to less desirable locations and assignments.

19.     On numerous occasions, Moore made racial slurs and offensive remarks about blacks.

20.     Then, in late December 2016, Moore was speaking to a group of Plaintiff's coworkers and said that, due to the recent election in the United States, white people were back in power, to which Moore stated "woohoo white power."

21.     Plaintiff submitted an internal complaint regarding Moore's racial discrimination.

22.     Less than four weeks later, Defendant fired Plaintiff (on or about March 8, 2017), for allegedly taking an unauthorized flight on a return trip from overseas.

23.     However, white employees who violated the same policy were not fired.

## VII.

### CONDITIONS PRECEDENT

24.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was dual filed with the Texas Workforce Commission pursuant to those agencies' work sharing agreement.

APP. 003

25.     The Charge was filed within 180 days after the date on which the complained of employment practices were committed.

26.     More than 180 days have passed since the Charge was filed and no action has been taken.

27.     Plaintiff has timely exhausted all administrative remedies.

## VIII.

## CAUSES OF ACTION

**A.     First Cause of Action—Race/Color Discrimination—TCHRA[1]**

28.     Plaintiff incorporates each of the foregoing paragraphs.

29.     Defendant discriminated against Plaintiff because of Plaintiff's race/color.

30.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**B.     Second Cause of Action—Wrongful Termination—Race/Color Discrimination—TCHRA**

31.     Plaintiff incorporates each of the foregoing paragraphs.

32.     Defendant terminated Plaintiff's employment because of Plaintiff's race/color.

33.     Defendant's actions violated section 21.051 of the Texas Labor Code.

**C.     Third Cause of Action—Unlawful Retaliation—TCHRA**

34.     Plaintiff incorporates each of the foregoing paragraphs.

35.     Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

36.     In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

37.     Defendant's actions violated section 21.055 of the Texas Labor Code.

---

[1] Texas Commission on Human Rights Act.

**D.    Fourth Cause of Action—Discrimination—Title VII**

38.    Plaintiff incorporates each of the foregoing paragraphs.

39.    Defendant discriminated against Plaintiff because of Plaintiff's race/color.

40.    Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**E.    Fifth Cause of Action—Wrongful Termination—Discrimination—Title VII**

41.    Plaintiff incorporates each of the foregoing paragraphs.

42.    Defendant terminated Plaintiff's employment because of Plaintiff's race/color.

43.    Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**F.    Six Cause of Action—Unlawful Retaliation—Title VII**

44.    Plaintiff incorporates each of the foregoing paragraphs.

45.    Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

46.    In response, Defendant retaliated against Plaintiff and ultimately terminated Plaintiff's employment.

47.    Defendant's actions violated 42 U.S.C. § 2000e-3(a).

## IX.

## <u>DAMAGES</u>

48.    Plaintiff incorporates each of the foregoing paragraphs.

49.    Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant's back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

50.    Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant's punitive damages.

51.    Plaintiff seeks all available damages under the TCHRA.

APP. 005

52.     Defendant's actions violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

53.     Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

54.     Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

55.     Plaintiff seeks all damages available under federal law.

## X.

## ATTORNEYS' FEES AND COSTS

56.     Plaintiff incorporates each of the foregoing paragraphs.

57.     Plaintiff retained the services of undersigned counsel to prosecute Plaintiff's claims.

58.     Pursuant to Texas Labor Code section 21.259 and 42 U.S.C. § 2000e-5(k), Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant's, including reasonable expert fees.

## XI.

### <u>INJUNCTIVE AND DECLARATORY RELIEF</u>

59.     Plaintiff incorporates each of the foregoing paragraphs.

60.     Plaintiff requests the Court enter an order providing injunctive and declaratory

relief including, but not limited to:

a.      Prohibiting Defendant's from engaging in unlawful discrimination;

b.      Reinstating Plaintiff's employment with Defendant's with backpay;

c.      Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

d.      Paying court costs;

e.      A declaration that Defendant's violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

f.      Any additional equitable relief as the Court deems proper.

### XII.

### <u>JURY TRIAL</u>

61.     Plaintiff incorporates each of the foregoing paragraphs.

62.     Plaintiff demands a jury trial.

APP. 007

## XIII.

## <u>PRAYER</u>

63.     Plaintiff respectfully requests that Defendant's be cited to appear and answer, and

that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

  A.  Back pay and front pay (including benefits);

  B.  Compensatory damages;

  C.  Punitive damages;

  D.  Reasonable attorneys' fees and expert fees;

  E.  Injunctive and declaratory relief, including but not limited to, an Order:

    a.  Prohibiting Defendant's from engaging in unlawful discrimination;

    b.  Reinstating Plaintiff's employment with Defendant's with backpay;

    c.  Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d.  Paying court costs;

    e.  A declaration that Defendant's violated Plaintiff's rights under Chapter 21 of the Texas Labor Code, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.  Any additional equitable relief the Court deems proper;

  F.  Courts costs;

  G.  Pre-judgment and post-judgment interest at the rate set by law; and

  H.  All legal or equitable relief this Court deems proper.

APP. 008

Respectfully submitted,


/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
CARSON D. BRIDGES
Texas Bar No. 24096758
carson.bridges@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

---

APP. 009

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* CC-19-00021-D _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED Fiero Watt v. Sierra Nevada Corp. _____

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

| Contact Information | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Matthew R. Scott **Email:** matt.scott@scottperezlaw.com | **Plaintiff(s)/Petitioner(s):** Fiero Watt | ☑ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Address:** 900 Jackson Street, Suite 700 **Telephone:** 214-965-9675 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, Texas 75202 **Fax:** 214-965-9680 | **Defendant(s)/Respondent(s):** Sierra Nevada Corp. | **Custodial Parent:** |
| **Signature:** **State Bar No:** 00794613 | | **Non-Custodial Parent:** |
| | [Attach additional page as necessary to list all parties] | **Presumed Father:** |

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

#### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☑ Other Contract: Employment

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☐ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

#### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-Judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☑ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

#### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☑ Over $1,000,000

Rev 2/13

# EXHIBIT 2

APP. 011

# THE STATE OF TEXAS
## CITATION
### CAUSE NO. CC-19-00021-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

SIERRA NEVADA CORP.
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

FIERO WATT
*Plaintiff(s)*

VS.

SIERRA NEVADA CORP.
*Defendant(s)*

filed in said Court on the 2nd day of January, 2019a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 4th day of January, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By _Guisla Hernandez_ , Deputy
    Guisla Hernandez



CC-19-00021-D
CICI
ISSUE CITATION
2005116

---

| ATTORNEY |
| --- |
| **CITATION** |
| **PLAINTIFF'S ORIGINAL PETITION** |
| **CC-19-00021-D** |

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

FIERO WATT, *Plaintiff(s)*

VS.

SIERRA NEVADA CORP.,
*Defendant(s)*

---

SERVE:
SIERRA NEVADA CORP.
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
D/B/A CSC LAWYERS
INCORPORATING SERVICE
COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

ISSUED THIS
4TH DAY OF JANUARY, 2019

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX 75202
214-965-9675

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

**OFFICER'S RETURN**

CC-19-00021-D  County Court at Law No. 4

FIERO WATT vs. SIERRA NEVADA CORP.

**ADDRESS FOR SERVICE:**
SIERRA NEVADA CORP.
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701
**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to SIERRA NEVADA CORP. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

Serving Petition and Copy    $_____   _____, Officer

Total   $_____          _____, County, Texas

By:_____, Deputy

_____, Affiant

# EXHIBIT 3



# COUNTY COURT AT LAW NO. 4
### GEORGE L. ALLEN, SR. COURTS BUILDING
### 600 COMMERCE STREET, 5TH FLOOR
### DALLAS, TEXAS 75202
### 214-653-7345

Chambers of JUDGE PAULA M. ROSALES                    **January 04, 2019**

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX  75202

Cause No.    CC-19-00021-D
Cause Style:  FIERO WATT vs. SIERRA NEVADA CORP.

Dear Attorney:

The above case is set for dismissal, pursuant to Rule 165a, Texas Ruled of Civil Procedure on: **04/29/2019 @ 9:00 AM.**

If no answer has been filed, or if the answer filed is insufficient as a matter of law to place any facts alleged in your petition in issue, you will be expected to have moved for, and to have heard , a summary judgment or to have proved up a default order on or prior to that date.

If an answer has been filed that is sufficient to create a fact issue that prevents disposition of the entire case, or if you have been unable to obtain service of process, you should plan to appear to obtain a reset of the dismissal date or a trial setting as appropriate.

In no event will live witnesses be required unless the default prove-up is for an unliquidated claim. Liquidated claims and attorneys fees may be proved up by affidavit submitted with a form of judgment.

If you should have any questions, please feel free to call us.

                                        Very Truly Yours,


                                        PAULA M. ROSALES
                                        Judge Presiding

# EXHIBIT 4

FILED
1/29/2019 11:22 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

# THE STATE OF TEXAS
## CITATION
CAUSE NO. CC-19-00021-D
COUNTY COURT AT LAW NO. 4
Dallas County, Texas

TO:

SIERRA NEVADA CORP.
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS
INCORPORATING SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with
the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you
were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you."
Your answer should be addressed to the clerk of County Court at Law No. 4 of Dallas County, Texas at the Court House
of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

FIERO WATT
*Plaintiff(s)*

VS.

SIERRA NEVADA CORP.
*Defendant(s)*

filed in said Court on the 2nd day of January, 2019 a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY
HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 4th day of January, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By *Guisla Hernandez*, Deputy
Guisla Hernandez

★ Return Attached ★

CC-19-00021-D
CICI
ISSUE CITATION
2006116

---

## ATTORNEY
### CITATION
**PLAINTIFF'S ORIGINAL PETITION**
## CC-19-00021-D

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 4
Dallas County, Texas

FIERO WATT, *Plaintiff(s)*

VS.

SIERRA NEVADA CORP.,
*Defendant(s)*

SERVE:
SIERRA NEVADA CORP.
SERVE ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
D/B/A CSC LAWYERS
INCORPORATING SERVICE
COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX 78701

ISSUED THIS
4TH DAY OF JANUARY, 2019

JOHN F. WARREN, COUNTY CLERK
BY: GUISLA HERNANDEZ, DEPUTY

Attorney for Plaintiff

MATTHEW R SCOTT
SCOTT PEREZ LLP
900 JACKSON STREET SUITE 550
DALLAS TX 75202
214-965-9675

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

APP. 014

## RETURN OF SERVICE

**State of Texas**                      **County of Dallas**              **At Law No 4 County Court**

Case Number: CC-19-00021-D

Plaintiff:
**Fiero Watt**

vs.

Defendant:
**Sierra Nevada Corp.**

Received these papers on the 4th day of January, 2019 at 12:54 pm to be served on **Sierra Nevada Corp. Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th St. Suite 620, Austin, TX 78701**.

I, Bryon Welch, do hereby affirm that on the **24th day of January, 2019 at 9:03 am, I:**

am a Certified Process Server authorized under Order of the Supreme Court of Texas to serve process in this cause. I am over (18) years of age, of sound mind, and not a party to or interested in the above suit. I have personal knowledge of the facts contained herin and each is true and correct. The **Citation and Plaintiff's Original Petition** was delivered via the United States Postal Service to Sierra Nevada Corp. Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at the address of **211 E. 7th St. Suite 620, Austin, TX 78701** via cetified mail return receipt requested article number **70182290000121677757**, accepted on **1/24/2019 at 9:03 am.**

"My name is Bryon Welch, my date of birth is 08/09/1971 and my address is PO Box 272 Arlington, Texas 76004, USA. I declare under penalty of perjury that the foregoing is true and correct. Executed in Tarrant County, State of Texas, on the ___ day of _____, 2019.
_____ Declarant"

_____
**Bryon Welch**
PSC#5954  EXP 10/31/2020

Our Job Serial Number: ALT-2019000010

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V7.2p

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse ~~so that we can return the card to you.~~

Sierra Nevada Corp - Serve its registered agent: Corporation Service Company dba CSC Lawyers Incorporating Service Company 211 E 7th St Ste 620 Austin TX 78701

**2. Article Number**
(Transfer from service label)

7018 2290 0001 2167 7757

*COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X   Kyle Ratzlaff

☐ Agent
☐ Addressee

**B. Received by (Printed Name)**    **C. Date of Delivery**

JAN 2 ~~4~~ 2019

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

*Kyle Ratzlaff*

903 A~~~~

**3. Service Type**
- ☒ Certified Mail®    ☐ Priority Mail Express™
- ☐ Registered    ☒ Return Receipt for Merchandise
- ☐ Insured Mail    ☐ Collect on Delivery

**4. Restricted Delivery?** *(Extra Fee)*    ☐ Yes

PS Form 3811, July 2013    Domestic Return Receipt

# EXHIBIT 5

FILED
2/14/2019 10:57 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-19-00021-D

| | | |
|---|---|---|
| **FIERO WATT,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | **AT LAW NO. 4** |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **SIERRA NEVADA CORP.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Sierra Nevada Corporation ("Defendant") files this Original Answer and Affirmative and Other Defenses to Plaintiff's Original Petition:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies generally every allegation contained in Plaintiff's Original Petition and demands strict proof of same as required by Texas law. Defendant respectfully requests that it be allowed to plead further and additional defenses in this cause as the facts surrounding this matter are developed.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, including punitive damages.

#### SECOND DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to properly exhaust his administrative remedies.

**DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 1**

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent such claims were not properly alleged or within the scope of the charge of discrimination filed by Plaintiff with the EEOC or the New Mexico Department of Workforce Solutions.

### FOURTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH DEFENSE

Plaintiff's claims and alleged damages, if any, are barred by the doctrine of unclean hands and/or after-acquired evidence.

### SIXTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory and non-discriminatory business reasons, and done without discriminatory or retaliatory intent, purpose or effect.

### SEVENTH DEFENSE

Even if Plaintiff were able to prove an unlawful employment practice was a motivating factor in any employment decision or action affecting Plaintiff, which Defendant denies, the same action would have been taken even in the absence of the impermissible consideration.

### EIGHTH DEFENSE

If any improper, illegal or discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of the employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, was not ratified, confirmed or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 2**

### NINTH DEFENSE

Defendant has in place a clear and well-disseminated policy against discrimination and retaliation on the basis of any protected class and a reasonable and available procedure for handling complaints providing for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claims are barred.

### TENTH DEFENSE

To the extent, if any, Plaintiff complained adequately of allegedly unlawful, discriminatory, or retaliatory actions, Defendant undertook prompt investigation and made an appropriate remedial response.

### ELEVENTH DEFENSE

Defendant alternatively pleads that Plaintiff's damages are limited by all applicable damages caps and limitations provided by law, including Chapter 41 of the Texas Civil Practice and Remedies Code, and all other similar limitations.  Defendant asks that the Court require Plaintiff to prove such punitive damages, if any, by clear and convincing evidence, as required by law.

### TWELFTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to mitigate his alleged damages in whole or in part, and further asserts that Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

### THIRTEENTH DEFENSE

Defendant alternatively pleads that Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or social security benefits.

**DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 3**

## FOURTEENTH DEFENSE

Defendant alternatively pleads that no act or omission on its part proximately caused any of Plaintiff's alleged injuries or damages.

## FIFTEENTH DEFENSE

Defendant alleges that Defendant's actions, if any, were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

## SIXTEENTH DEFENSE

Defendant alleges that Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution and the Texas Constitution.

## SEVENTEENTH DEFENSE

Defendant specifically denies any allegations of knowing or intentional conduct and other conduct which may form the legal basis for entitlement to the exemplary or punitive damages requested. Defendant has not acted with malice, in willful disregard for the law, with a wanton and willful disregard for or a reckless indifference to the rights of Plaintiff, or engaged in any knowing conduct which may form the basis for exemplary or punitive damages.

## EIGHTEENTH DEFENSE

Plaintiff's Petition sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorneys' fees associated with defending against such claims. Defendant is entitled to recovery of its attorneys' fees (including any expert fees) per Texas Civil practice and Remedies Code Section 10.002.

Defendant reserves the right to plead additional defenses as appropriate.

APP. 020

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant SIERRA NEVADA CORPORANTION prays that Plaintiff take nothing herein and that Defendant receives judgment for its costs and for such further relief, at law or in equity, to which it may be justly entitled.

Dated: February 14, 2019         Respectfully submitted,


/s/ Shawn Oller

Shawn Oller
Texas State Bar No. 00794399
Arizona State Bar No. 019233
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602.474.3600
602.957.1801 (Fax)
soller@littler.com

Arrissa K. Meyer
Texas State Bar No. 24060954
LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100
214.880.0181 (Fax)
akmeyer@littler.com

**ATTORNEYS FOR DEFENDANT
SIERRA NEVADA CORPORATION**

**DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND
OTHER DEFENSES– Page 5**

APP. 021

## CERTIFICATE OF SERVICE

On February 14, 2019, I electronically submitted the foregoing document using the electronic case filing system of the court.  I also certify that I have served the foregoing by certified mail, return receipt requested on the following:

Matthew R. Scott
Javier Perez
Carson D. Bridges
SCOTT PEREZ LLP
900 Jackson Street, Suite 550
Dallas, Texas 75202
Matt.scott@scottperezlaw.com
Javier.perez@scottperezlaw.com
Carson.bridges@scottperezlaw.com


*Attorneys for Plaintiff*


/s/ Shawn Oller
Shawn Oller


FIRMWIDE:162281448.1 100575.1004

**DEFENDANT SIERRA NEVADA CORPORATION'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 6**

APP. 022

# EXHIBIT 6

FILED
2/20/2019 9:49 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-19-00021-D

| | | |
|---|---|---|
| **FIERO WATT,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | **AT LAW NO. 4** |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **SIERRA NEVADA CORP.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendant Sierra Nevada Corporation ("Defendant") files this Amended Answer and Affirmative and Other Defenses to Plaintiff's Original Petition:

### I.
### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies generally every allegation contained in Plaintiff's Original Petition and demands strict proof of same as required by Texas law. Defendant respectfully requests that it be allowed to plead further and additional defenses in this cause as the facts surrounding this matter are developed.

### II.
### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted, including punitive damages.

#### SECOND DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff failed to properly exhaust his administrative remedies.

**DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 1**

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent such claims were not properly alleged or within the scope of the charge of discrimination filed by Plaintiff with the EEOC or the New Mexico Department of Workforce Solutions.

### FOURTH DEFENSE

Defendant alternatively pleads that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FIFTH DEFENSE

Plaintiff's claims and alleged damages, if any, are barred by the doctrine of unclean hands and/or after-acquired evidence.

### SIXTH DEFENSE

Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory and non-discriminatory business reasons, and done without discriminatory or retaliatory intent, purpose or effect.

### SEVENTH DEFENSE

Even if Plaintiff were able to prove an unlawful employment practice was a motivating factor in any employment decision or action affecting Plaintiff, which Defendant denies, the same action would have been taken even in the absence of the impermissible consideration.

### EIGHTH DEFENSE

If any improper, illegal or discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff, which Defendant denies, it was outside the course and scope of the employee's employment, contrary to Defendant's policies and good faith efforts to comply with the law, was not ratified, confirmed or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

**DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 2**

### NINTH DEFENSE

Defendant has in place a clear and well-disseminated policy against discrimination and retaliation on the basis of any protected class and a reasonable and available procedure for handling complaints providing for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claims are barred.

### TENTH DEFENSE

To the extent, if any, Plaintiff complained adequately of allegedly unlawful, discriminatory, or retaliatory actions, Defendant undertook prompt investigation and made an appropriate remedial response.

### ELEVENTH DEFENSE

Defendant alternatively pleads that Plaintiff's damages are limited by all applicable damages caps and limitations provided by law, including Chapter 41 of the Texas Civil Practice and Remedies Code, and all other similar limitations. Defendant asks that the Court require Plaintiff to prove such punitive damages, if any, by clear and convincing evidence, as required by law.

### TWELFTH DEFENSE

Defendant alternatively pleads that Plaintiff has failed to mitigate his alleged damages in whole or in part, and further asserts that Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

### THIRTEENTH DEFENSE

Defendant alternatively pleads that Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or social security benefits.

**DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 3**

**FOURTEENTH DEFENSE**

Defendant alternatively pleads that no act or omission on its part proximately caused any of Plaintiff's alleged injuries or damages.

**FIFTEENTH DEFENSE**

Defendant alleges that Defendant's actions, if any, were not willful, intentional, malicious, or in reckless disregard of Plaintiff's rights.

**SIXTEENTH DEFENSE**

Defendant alleges that Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution and the Texas Constitution.

**SEVENTEENTH DEFENSE**

Defendant specifically denies any allegations of knowing or intentional conduct and other conduct which may form the legal basis for entitlement to the exemplary or punitive damages requested. Defendant has not acted with malice, in willful disregard for the law, with a wanton and willful disregard for or a reckless indifference to the rights of Plaintiff, or engaged in any knowing conduct which may form the basis for exemplary or punitive damages.

**EIGHTEENTH DEFENSE**

Plaintiff's Petition sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorneys' fees associated with defending against such claims. Defendant is entitled to recovery of its attorneys' fees (including any expert fees) per Texas Civil practice and Remedies Code Section 10.002.

**NINETEENTH DEFENSE**

Defendant specifically denies that venue is proper or convenient in this Court.

Defendant reserves the right to plead additional defenses as appropriate.

**III.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant SIERRA NEVADA CORPORANTION prays that Plaintiff take nothing herein and that Defendant receives judgment for its costs and for such further relief, at law or in equity, to which it may be justly entitled.

Dated: February 20, 2019        Respectfully submitted,

*/s/ Shawn Oller*

Shawn Oller
Texas State Bar No. 00794399
Arizona State Bar No. 019233
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
602.474.3600
602.957.1801 (Fax)
soller@littler.com

Arrissa K. Meyer
Texas State Bar No. 24060954
LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201
214.880.8100
214.880.0181 (Fax)
akmeyer@littler.com

**ATTORNEYS FOR DEFENDANT**
**SIERRA NEVADA CORPORATION**

**DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 5**

## CERTIFICATE OF SERVICE

On February 20, 2019, I electronically submitted the foregoing document with the Clerk of the Court for the County Court at Law No. 4 of Dallas County, Texas, via an Electronic Filing Service Provider, and said document was also electronically served on the following attorneys of record:

Matthew R. Scott
Javier Perez
Carson D. Bridges
SCOTT PEREZ LLP
900 Jackson Street, Suite 550
Dallas, Texas 75202
Matt.scott@scottperezlaw.com
Javier.perez@scottperezlaw.com
Carson.bridges@scottperezlaw.com

*Attorneys for Plaintiff*

/s/ Shawn Oller
Shawn Oller

FIRMWIDE:162281448.2 100575.1004

**DEFENDANT SIERRA NEVADA CORPORATION'S AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES– Page 6**

APP. 028

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FIERO WATT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **SIERRA NEVADA CORPORATION,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## DECLARATION OF JESSICA SCHOENDIENST

COMES NOW Jessica Schoendienst, and pursuant to 28 U.S.C. § 1746, declares as follows:

    1.    I am a citizen of the United States, over the age of 18, and competent to testify as to the matters contained in this Declaration.

    2.    I have personal knowledge of the facts set forth in this Declaration, or I have knowledge of such facts based upon corporate records which I have reviewed. Such corporate records are maintained in the regular course of business.

    3.    I am currently employed by Sierra Nevada Corporation ("Sierra Nevada") as Legal Counsel.

    4.    Sierra Nevada is incorporated under the laws of Nevada.

    5.    Sierra Nevada's principal place of business in the state of Nevada. Sierra Nevada's headquarters and corporate offices are located at 444 Salomon Circle, Sparks, Nevada, which is where the company's officers direct, control, and coordinate the company's activities.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**DECLARATION OF JESSICA SCHOENDIENST - Page 1**

APP. 029

PURSUANT TO 28 U.S.C § 1746, I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on _Febrhary 20_ , 2019

_____
JESSICA SCHOENDIENST

**DECLARATION OF JESSICA SCHOENDIENST - Page 2**

# EXHIBIT 8

Details                                                                    Page 1 of 3

### Case Information

CC-19-00021-D | FIERO WATT vs. SIERRA NEVADA CORP.

| Case Number | Court | Judicial Officer |
| --- | --- | --- |
| CC-19-00021-D | County Court at Law No. 4 | ROSALES, PAULA |

| File Date | Case Type | Case Status |
| --- | --- | --- |
| 01/02/2019 | OTHER (CIVIL) | OPEN |

### Party

PLAINTIFF
**WATT, FIERO**

Inactive Attorneys ▾
Lead Attorney
**SCOTT, MATTHEW R**
**Retained**

Work Phone
**214-965-9675**

Fax Phone
**214-965-9680**

DEFENDANT
**SIERRA NEVADA CORP.**

**Address**
**SERVE ITS REGISTERED**
**AGENT:CORPORATION SERVICE COMPANY**
**211 E 7TH STREET, SUITE 620**
**AUSTIN TX 78701**

APP. 031

Details

**Events and Hearings**

01/02/2019 NEW CASE FILED (OCA)

01/02/2019 ORIGINAL PETITION ▾

PLAINTIFF S ORIGINAL PETITION

CIVIL CASE INFORMATION SHEET

Comment
**PLAINTIFF S ORIGINAL PETITION**

01/02/2019 ISSUE CITATION ▾

ISSUE CITATION

01/02/2019 JURY TRIAL DEMAND ▾

PLAINTIFF S ORIGINAL PETITION

01/04/2019 CITATION (SERVICE) ▾

Anticipated Server
**ATTORNEY**

Anticipated Method

01/29/2019 RETURN OF SERVICE ▾

RETURN OF SERVICE

02/14/2019 ORIGINAL ANSWER - GENERAL DENIAL ▾

Defendant's Original Answer and Affirmative and Other Defenses.pdf

02/20/2019 AMENDED ANSWER - AMENDED GENERAL DENIAL ▾

DEFENDANT SIERRA NEVADA CORPORATION S AMENDED
ANSWER AND AFFIRMATIVE

Comment
**DEFENDANT SIERRA NEVADA CORPORATION S AMENDED
ANSWER AND AFFIRMATIVE AND OTHER DEFENSE**

04/29/2019 DISMISSAL HEARING ▾

3 CCL#4 Y LETTER

Judicial Officer
**ROSALES, PAULA**

Hearing Time

APP. 032

## Financial

WATT, FIERO

|  |  |  |  |  |
|---|---|---|---|---|
|  | Total Financial Assessment |  |  | $331.00 |
|  | Total Payments and Credits |  |  | $331.00 |
| 1/2/2019 | Transaction Assessment |  |  | $331.00 |
| 1/2/2019 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2019-00035 | WATT, FIERO | ($331.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION

CIVIL CASE INFORMATION SHEET

ISSUE CITATION

3 CCL#4 Y LETTER

RETURN OF SERVICE

Defendant's Original Answer and Affirmative and Other Defenses.pdf

DEFENDANT SIERRA NEVADA CORPORATION S AMENDED ANSWER AND AFFIRMATIVE

APP. 033